UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHIRLEY GONZALEZ,

                Plaintiff,

  -against-

CITY OF NEW YORK; ROBERT SIMMS; CHRISTOPHER JENNINGS; JOHN LIVINGSTON; PETE MASSA; AMADO BATISTA; ANTHONY CASILLA; GUSTAVO MEDINA; JOSE VARGAS; MONICA BROWN; NATALIE WASHINGTON.



                Defendants.
------------------------------------------------------------------------X

*SECOND AMENDED COMPLAINT*

Docket No.
1:15-cv-07971

ECF CASE

     Plaintiff SHIRLEY GONZALEZ, by her attorney John Paul DeVerna, Esq. of DeVerna Law, for her complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

     1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of her civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, in addition to violations of the Laws of the State of New York.

     2. The claim arises from a July 12, 2014 incident in which defendants, acting under color of state law, unlawfully detained and arrested Plaintiffs without probable cause. Defendants handcuffed plaintiff for no reason. During this unlawful arrest Plaintiff was assaulted by the Defendants, which caused Plaintiff to suffer physical injury, pain and suffering, as well as a loss of liberty.  Thereafter, and while at Riker's Island, Plaintiff was again assaulted by Defendants, which caused Plaintiff pain and to suffer physical injuries, the full extent of which are currently unknown.  Plaintiff was deprived of liberty for approximately 150 hours until Plaintiffs' case was dismissed and sealed on July 18, 2014.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988, and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff SHIRLEY GONZALEZ ("Plaintiff" or "Ms. Gonzalez") resided in Brooklyn County, in the City and State of New York. She was previously detained at Riker's Island during a period of time between approximately July 12, 2014 to July 18, 2014.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. At all times relevant hereto, Defendant City, acting through the New York City Department of Corrections (or "DOC") was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel, including corrections officers, and supervisory officers as well as the individually named Defendants herein.

12. In addition, Defendant City, is authorized by law to maintain a correction department which acts as its agent in the area of corrections and for which it is ultimately responsible. The City maintains DOC, which is a municipal entity created and authorized under the laws of the State of New York. DOC is authorized by law to carry out all correction functions for the City and assumes responsibility for the care, custody, and control of persons held by the City in correctional facilities.

13. Defendant Robert Simms, Shield No. 03535 ("Simms") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Simms was, at the time relevant herein, a detective under Shield # 03535 in the Narcotics Borough Bronx. Defendant Simms is sued in his individual capacity.

14. Defendant Christopher Jennings, Shield No. 1361 ("Jennings") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Jennings was, at the time relevant herein, a detective under Shield # 1361 in the Narcotics Borough Bronx. Defendant Jennings is sued in his individual capacity.

15. Defendant John Livingston; Shield No. 6009 ("Livingston") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Livingston was, at the time relevant herein, a detective under Shield # 6009 in the Narcotics Borough Bronx.  Defendant Livingston is sued in his individual capacity.

16. Defendant Pete Massa; Shield No. (*unknown*) ("Massa") was, at all times here relevant, a sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Massa was, at the time relevant herein, a sergeant under Shield # (*unknown*) in the Narcotics Borough Bronx.  Defendant Massa is sued in his individual capacity.

17. Defendant Amado Batista; Shield No. 2455 ("Batista") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Batista was, at the time relevant herein, a detective under Shield # 2455 in the Narcotics Borough Bronx. Defendant Batista is sued in his individual capacity.

18. Defendant Anthony Casilla; Shield No. 7367 ("Casilla") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Casilla was, at the time relevant herein, a detective under Shield # 7367  in the Narcotics Borough Bronx.  Defendant Casilla is sued in his individual capacity.

19. Defendant Gustavo Medina; Shield No. 7516 ("Medina") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Medina was, at the time relevant herein, a detective

under Shield # 7516 in the Narcotics Borough Bronx. Defendant Medina is sued in his individual capacity.

20. Defendant Jose Vargas; Shield No. 6747 ("Vargas") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Vargas was, at the time relevant herein, a detective under Shield # 6747 in the Narcotics Borough Bronx. Defendant Vargas is sued in his individual capacity.

21. Defendant Monica Brown; Shield No. 12141 ("Brown") was, at all times here relevant, a corrections officer employed by the Department of Correction and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Brown was, at the time relevant herein, a corrections officer under Shield # 12141 in the Department of Corrections. Defendant Brown is sued in her individual capacity.

22. Defendant Natalie Washington; Shield No. 12415 ("Washington") was, at all times here relevant, a corrections officer employed by the Department of Correction and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Washington was, at the time relevant herein, a corrections officer under Shield # 12415 in the Department of Corrections. Defendant Washington is sued in her individual capacity.

23. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

24. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

25. Over 30 days have elapsed since the filing of those notices, and this matter has not been

settled or otherwise disposed of.

26. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

### **FACTUAL CHARGES**

27. In April of 2014, Ms. Gonzalez suffered a broken left wrist which was still being treated in July 2014.

28. On July 12, 2014, at approximately 10:30 a.m., Ms. Gonzalez was in the vicinity of Willis Avenue and 145th Street, Bronx, NY.

29. At that approximate date and time, Ms. Gonzalez was in the vicinity of the above location with another individual, "F.R." when "F.R" was approached by Defendant police officer.

30. Defendant police officers stopped and cursed at "F.R" after which Defendant police officers said "stop her", approached Plaintiff, and began screaming at Plaintiff.

31. The Defendant police officers did not observe Ms. Gonzalez committing any crime or violating any law or local ordinance.

32. Defendant police officer thereafter pulled upon Plaintiff's purse strap, causing her pain to her broken wrist, and Plaintiff thereafter inquired as to why she was being stopped to which Defendant police officers cursed at her in response.

33. Defendant police officers, acting in concert, then put Plaintiff's hands against a vehicle and searched Plaintiff's person without her authority or permission.

34. As a result of the search, Ms. Gonzalez's personal effects were exposed to public view.

35. No contraband or anything of illegality was found on Ms. Gonzalez.

36. Plaintiff indicted she had a cast on her left arm to which Defendant police officer answered he "Didn't give a fuck" and continued to touch and verbally harass Plaintiff.

37. Defendant police officers, acting in concert, placed Ms. Gonzalez in restraints, not using traditional handcuffs but instead foot shackles upon the hard cast of her broken wrist, causing her great pain and to suffer physical injury.

38. Ms. Gonzalez did not resist arrest.

39. Defendant police officers did not have probable cause or reasonable suspicion to detain or arrest Ms. Gonzalez.

40. A Defendant supervisor was present on the scene and did not stop the unlawful arrest of Ms. Gonzalez.

41. Defendant police officers including Defendant Simms then placed Ms. Gonzalez into an NYPD vehicle and drove to the 40th Precinct.

42. Defendant police officers failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 40th Precinct.

43. Defendant police officers intentionally drove to the 40th Precinct in an unnecessarily aggressive manner.

44. Because Plaintiff was handcuffed and unable to brace herself, Defendant police officer's intentional aggressive driving caused Plaintiff to suffer physical injuries to her head, neck, body, and limbs.

45. At the 40th precinct, Ms. Gonzalez complained about the shackles that were causing her pain and physical injury and her arm to swell, as well as repeatedly inquiring why she had been arrested.

46. At the 40th precinct, Ms. Gonzalez was strip searched by an unidentified Defendant police officer.

47. Ms. Gonzalez was later transported to Central Booking and was arraigned.

48. Ms. Gonzalez was arraigned in Bronx County Criminal Court on July 13, 2015, under docket number 2014BX037266, and charged with PL §220.39(1) (Criminal Sale of a Controlled Substance in the Third Degree and PL §220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree. Plaintiff entered a plea of not guilty, and the case was adjourned until July 18, 2014.

49. The underlying criminal case was resolved in favor of Ms. Gonzalez in that on July 18, 2014, the District Attorney dismissed the case against Ms. Gonzalez.

50. From the time she was detained on July 12, 2014 until she was released on July 18, 2014, Ms. Gonzalez was unlawfully held in custody for approximately 150 hours before the People dismissed the case against her.

51. During the period of time after her arraignment until July 18, 2014 when she was released, Ms. Gonzalez was housed at Riker's Island.

52. While at Riker's Island, Ms. Gonzalez was subjected to treatment by Defendant correction officers which caused her great physical pain and to suffer physical injury to her head, neck, body, and limbs.

53. On or about July 13, 2014, within the first few hours of being brought to Riker's Island, Defendant Brown, who worked for the Department of Corrections, during a body search of Ms. Gonzalez did strip search Ms. Gonzalez in front of other individuals causing her embarrassment and humiliation.

54. Further, upon being searched by Defendant Washington, the Defendant did violently pull the hard cast off of Ms. Gonzalez' broken wrist causing her great pain and to suffer physical injury to her wrist and shoulder.

55. During the search, no contraband or anything of illegality was found on Ms. Gonzalez.

56. After Defendant Washington, who based on information and belief was a corrections officer with limited medical training, did attempt to force the hard cast back onto Ms. Gonzalez' wrist, put Ms. Gonzalez into a holding cell despite Ms. Gonzalez' cries for immediate medical attention.

57. Based on information and belief, Ms. Gonzalez did not receive medical attention for at least four hours after her cast was pulled off by the Defendant Washington.

58. Based on information and belief, after Ms. Gonzalez was issued a sling for her arm, Defendant Brown did take away her sling, which caused her further pain and suffering and to sustain further physical injury to her neck, body, and limbs.

59. After Ms. Gonzalez was released from custody on July 18, 2014, she went to the hospital for treatment of her injuries and she continues treatment.

60. Defendant police officers, including Defendant Simms, Jennings, Batista, Casilla, Livingston, Massa, Medina, Vargas repeatedly falsified information relating to the facts and circumstances surrounding Ms. Gonzalez's arrest.

61. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff

62. At all times relevant hereto, Defendant police officers, including Defendant Simms, Jennings, Batista, Casilla, Livingston, Massa, Medina, Vargas were involved in the decision to arrest Ms. Gonzalez without probable cause or failed to intervene in the actions of their fellow officers when they observed her being arrested without probable cause.

63. At all times relevant hereto, Defendant correction officers failed to intervene in the actions of their fellow officers.

64. During all of the events described, Defendants acted maliciously, willfully, knowingly

and with the specific intent to injure Ms. Gonzalez and violate her civil rights.

65. As a direct and proximate result of the acts of Defendants, Ms. Gonzalez suffered the following injuries and damages: violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, violation of New York State law, physical pain and suffering, physical injury, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

66. As a direct and proximate result of the acts of Defendants, Ms. Gonzalez sought and continues to seek medical treatment for her injuries.

## **FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

67. The above paragraphs are here incorporated by reference as though fully set forth.

68. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

72. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and

without probable cause or reasonable suspicion.

73. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

74. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of her liberty, imprisoned and falsely charged.

75. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

76. The above paragraphs are here incorporated by reference as though fully set forth.

77. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Ms. Gonzalez both sold and possessed a controlled substance.

78. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

79. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

80. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Excessive Force
Under 42 U.S.C. § 1983 Against Individual Defendants

81. The above paragraphs are here incorporated by reference as though fully set forth.

82. The individual Defendants used excessive, unreasonable and unnecessary force with

plaintiff.

83. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

84. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Assault and Battery
Under New York State Law Against All Defendants

85. The above paragraphs are here incorporated by reference as though fully set forth.

86. The individual defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

87. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her without her consent.

88. The individual Defendants used excessive and unnecessary force with plaintiff.

89. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

90. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Negligent Hiring/Training/Retention
Under New York State Law Against the City of New York

91. The above paragraphs are here incorporated by reference as though fully set forth

92. Defendant City, through the NYPD and DOC owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would

probably result from the foregoing conduct.

93. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions

94. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

95. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

96. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

97. The above paragraphs are here incorporated by reference as though fully set forth.

98. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

99. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

100. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

101. The above paragraphs are here incorporated by reference as though fully set forth.

102. In an effort to find fault to use against the Plaintiff, defendant officers conspired

among themselves, and conspired with others to deprive Plaintiff of her Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

103. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of her constitutional and federal rights in violation of U.S.C. §1985.

104. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to her reputation, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 23, 2016
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

_____
By: John Paul DeVerna (JD5237)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)